IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BANNER BOYD,<br><br>　　　　Petitioner,<br>vs.<br><br>WARDEN JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondents. | Cause No. CV 25-30-BLG-DWM<br><br>ORDER |

Presently pending is state pro se petitioner Banner Boyd's application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Boyd seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) A review of his inmate account statement shows that he may not be able to afford costs associated with this action. (Doc. 6.) The motion to proceed in forma pauperis will be granted.

Boyd was previously advised that as pled, his petition failed to identify a federal constitutional violation and was non-cognizable. *See*, (Doc. 4.) Boyd was advised of the relevant pleading standards and was provided an opportunity to file an amended petition. (*Id.* at 2-4.) Boyd timely complied by filing an amended petition. (Doc. 5.) As explained herein, Boyd's amended filing fails to cure the

1

deficiencies; this matter will be dismissed.

## I. Background

Following a 2019 jury trial in Montana's Sixteenth Judicial District, Custer County, Boyd was convicted of two felonies. The district court sentenced Boyd to the Montana State Prison for a ten-year term for felony assault on a police officer and to an eighty-year term for felony attempted deliberate homicide. The Montana Supreme Court reversed the conviction for attempted deliberate homicide and left the other sentence intact. The matter was remanded to the district court. *See State v. Boyd*, 2021 MT 323, 407 Mont. 1, 501 P. 3d 409 (*Boyd I*.)

On February 1, 2022, the district court issued its amended judgment following remand. The district court vacated the attempted deliberate homicide conviction and committed Boyd to the Montana State Prison for an unsuspended, ten-year term. Boyd was awarded 432 days of credit for time served and the court recommended various conditions for Boyd's parole. Boyd timely filed a postconviction petition. On January 27, 2023, the district court denied the petition finding that it failed to state a claim for relief. Boyd appealed; the Montana Supreme Court affirmed. *See Boyd v. State*, No. DA 23-0188, 2024 MT 8N (Mont. Jan. 16, 2024)(*Boyd II*).

Boyd then filed a petition for writ of habeas corpus in the Montana Supreme Court. He argued his sentence was illegal for various reasons, including that he

2

was sentenced on concurrent and not consecutive charges, and he contended his incarceration was the result of "trumped up charges, no physical evidence, jury tampering, no medical [papers] of any injury." *See Boyd v. Salmonsen*, OP 24-0109, Ord. at *1 (Mont. March 12, 2024).

The Court found that Boyd received a prior reduction in sentence when the attempted deliberate homicide conviction was vacated, thus he is presently serving one sentence, not two. *Id.* Further, the Court determined his claims of jury tampering and racial bias should have been raised on direct appeal. Because Boyd failed to do so, he was precluded from challenging them via habeas corpus, as he had exhausted the remedy of appeal. *Id*, citing Mont. Code Ann. § 46-22-101(2). Finally, Boyd presented similar arguments to those in his postconviction petition and appeal therefrom. The Court already found that the district court properly concluded that such claims were prohibited in a petition for postconviction relief and should have been brought on direct appeal. *Id.* at 1-2, *citing Boyd II*, ¶ 13. Accordingly, Boyd failed to demonstrate an illegal sentence or illegal incarceration. His habeas petition was denied and dismissed.

## II. Boyd's Claims

In his amended federal petition, although difficult to follow, Boyd argues that the district court erred during the remand proceedings. (Doc. 5 at 4-5.) He insists that there was an arbitration ordered that required his personal presence.

(*Id.*) He seems to believe that had he been allowed to appear during remand and/or the arbitration, he could have filed "other motions." (*Id.* at 9.) Because his right to be present was ignored, he believes this constitutes a due process violation. Boyd asks for release from prison, time reduction, expungement of his case, and his freedom. (*Id.*)

### III. Analysis

In its order reversing Boyd's attempted deliberate homicide conviction, the Montana Supreme Court stated:

> There was insufficient evidence presented to convict Boyd of attempted deliberate homicide. Boyd's attempted deliberate homicide conviction is reversed, and this matter is remanded to the District Court with instructions to dismiss the attempted deliberate homicide charge with prejudice. In addition, the District Court erred when it orally imposed conditions in its oral pronouncement of sentence in this case. Upon remand, the District Court shall strike the conditions it orally stated as conditions of parole, though they may properly remain as recommendations in the written judgment.

*Boyd I*, 407 Mont. 1, ¶ 29. Thus, the district court was instructed that the attempted deliberate homicide conviction was to be dismissed with prejudice and the parole conditions were to remain in the written judgment as recommendations. There is no indication that an arbitration was ordered, much less that Boyd had a right to personally appear at such a proceeding. Or put another way, there is no indication that the district court disobeyed an order from the Montana Supreme Court. Even if Boyd could show that there was an error of state law, such a claim

does not warrant relief. A violation of state law, without more, does not deprive a petitioner of a federal constitutional right. *Cooks v. Spalding*, 660 F. 2d 738, 739 (9th Cir. 1981), *cert. denied*, 455 U.S 1026 (1982).

Boyd was advised that in a prior order that to proceed with an application for a writ of habeas corpus, he needed to allege a federal constitutional violation. *See*, (Doc. 4 at 2)(*citing* 28 U.S.C. § 2254(a) and Rule 1 to the Rules Governing Section 2254 Cases.) Despite being given an opportunity to amend his petition, Boyd has failed to adequately allege a constitutional violation. Boyd suggests a due process violation has occurred, but he presents no facts to support this claim. *See*, Rule 2(c) of the Rules Governing Section 2254 Cases. Boyd cannot convert this issue into one of federal import merely by invoking the specter of a due process violation. *See Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1996), *cert. denied* 522 U.S. 881 (1997). The claims in his petition are not cognizable and it appears further amendment would be futile.

## IV.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the

5

district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

Boyd has not made a substantial showing that he was deprived of a constitutional right. His claims are not cognizable in federal habeas. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. The motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. The Amended Petition (Doc. 5) is DISMISSED with prejudice.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this 17th day of April, 2025.

_____
Donald W. Molloy, District Judge
United States District Court